■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST F. WILLIAMS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated February 2, 1970, which denied the application without a hearing. The same court made a second order, dated February 16, 1970, which granted reargument to defendant but adhered to the original decision. Appeal from order dated February 2, 1970 dismissed as academic. That order was superseded by the order which granted reargument. Order dated February 16, 1970 affirmed insofar as it adhered to the original decision. No opinion. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ LINCOLN G. SCHMIDT, Appellant, v. COUNTY OF SUFFOLK et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to compel respondents to audit and pay legal expenses incurred by petitioner in successfully defending against a prior proceeding brought by this court to remove him as President Judge of the District Court of Suffolk County, the appeal is from a judgment of the Supreme Court, Suffolk County, entered November 5, 1969, which dismissed the petition. Judgment affirmed, with costs. A Judge of the District Court of Suffolk County is subject to removal proceedings pursuant to article VI (§ 22, subd. i) of the Constitution of New York; section 132 of the Code of Criminal Procedure; and subdivision (e) of section 103 of the Uniform District Court Act. Section 410 of the County Law does not direct a charge against the county for the reasonable costs and expenses of a successful defense by a Judge of a District Court in a removal proceeding. Christ, P. J., Hopkins, Brennan and Benjamin, JJ., concur. (Beldock, P. J., deceased.)

■ WILLIAM J. SEARS, Respondent, v. IRENE SEARS, Appellant.— In an action for divorce, defendant appeals from so much of an order of the Supreme Court, Queens County, entered November 19, 1969, as, upon reargument, adhered to the original decision awarding her temporary alimony and child support and a counsel fee. Order affirmed insofar as appealed from, without costs. In our opinion, appellant is not precluded from application to the trial court for additional counsel fees. We do not construe the order in question as expressly precluding the making of such application. The temporary alimony award in this case is rather low, but this court frowns upon appeals taken for the purpose of questioning such *pendente lite* awards. As was observed in *Gentile* v. *Gentile* (19 A D 2d 825), " The best protection to both parties against any unfairness in the fixing of temporary alimony on the basis of affidavits is a speedy trial rather than an appeal." (See, also, *Zeitlan* v. *Zeitlan,* 27 A D 2d 846.) Rabin, Acting P. J., Martuscello, Kleinfeld and Benjamin, JJ., concur; Latham, J., not voting.